STEVENS v. LATHROP.

(Third Division. Valdez. October 10, 1911.)

No. 536.

CORPORATIONS (§ 523*)—ACTION—SALE ON EXECUTION—FRANCHISES.
   The defendant is alleged to have taken and converted certain described personal property belonging to the Alaska Home Railway, a corporation. Thereafter certain creditors of the corporation obtained judgment against it and issued execution and levied upon a described line of railway grade and property connected therewith, "and all franchises and privileges of said corporation," and also a certain wharf and town lot, all belonging to the corporation, and caused said property so levied upon to be sold under said levy and execution, and bought the same at said sale. The plaintiff succeeded to the rights of the judgment creditors, and elected to treat the conversion by the defendant as a sale, and sued him for the value of the property. Held, that the general franchise of the railroad company was not included in the levy and sale on execution and assignment to the plaintiff, and that the plaintiff had acquired no right of action against the defendant to recover the value of the personal property alleged to have been converted by him.

   [Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2114–2130; Dec. Dig. § 523.*]

This cause is before the court upon defendant's demurrer to the amended complaint, which states that the Alaska Home Railway is a corporation organized under the laws of the state

*See same topic & § NUMBER in Dec. & Am. Digs. Key No. Series & Rep'r Indexes

of Washington, owning real and personal property in the territory of Alaska; that on October 8, 1909, it was the owner of certain described personal property adjacent to Valdez, Alaska, of the value of $10,000; that on the ——— day of August, 1909, the defendant wrongfully carried away and converted the same to his own use; that on October 8, 1909, in a suit wherein Antonelle and Nelson were judgment creditors and said railway company judgment debtor, at execution sale, there was duly sold to these creditors this personal property and the right to recover the same. The marshal's return of the sale is made a part of the complaint, and recites as follows:

"I hereby certify and return that I received the annexed writ of execution on the 7th day of September, 1909, and thereafter on the same date I executed the same at Valdez, Alaska, by levying upon all of the right, title and interest of the defendant company, the Alaska Home Railway Company, in and to the following described real property: The line of railroad of the Alaska Home Railway partially completed, extending from the town of Valdez, on Valdez Bay, to a point near Wortman, in the territory of Alaska, including the right of way, roadbed, superstructure, structural material whether in place or not, iron, steel, woodwork, bridges and bridge material, ties, viaducts, buildings and camp outfits used in construction, tools and machinery, belonging to said Alaska Home Railway, and all franchises and privileges of said corporation. Also the interest of the said Alaska Home Railway in the Keystone wharf and approach, in Valdez, Alaska. Also the interest of the Alaska Home Railway in that certain lot on the westerly extension of Hobart street, in the Reservation addition to the town of Valdez, Alaska, being fifty (50) feet fronting on Hobart street and extending one hundred and fifty (150) feet back northeasterly from said street, being the lot on which is situated the building known as the Leedy barn, and including said barn. Subject to lien acquired by James W. Bartlett against said Alaska Home Railway.

"And thereafter, on the 9th day of September, 1909, I did advertise according to law by posting notices of sale in three public places in the town of Valdez, Alaska, within five miles of the place of sale, one being on the post office, and did cause a like notice to be published once a week in the Valdez Prospector, a weekly newspaper of general circulation nearest the place of sale, a copy of which notice is attached hereto and made a part hereof.

"And thereafter, on the 8th day of October, 1909, at 10 o'clock in the forenoon, I did offer the aforesaid interest in and to the aforesaid real property in three separate parcels at public vendue to the highest and best bidder for cash, and sold the same to the plaintiffs herein, J. S. Antonelle and George W. Nelson, as copartners

under the firm name of Nelson & Antonelle, at the prices set opposite each item, they being the highest bids received:

| | |
|---|---|
| Interest in Alaska Home Railway...................... | $2000 00 |
| Interest in Keystone Wharf........................... | 1000 00 |
| Interest in real estate upon which the Leedy barn is situated .............................................. | 500 00 |

"That after offering the property in separate parcels I did offer the said interest in all the property in one parcel for which no bid was received."

The complaint further recites that the plaintiff Stevens has succeeded to the interest of Antonelle & Nelson, and elects to treat the conversion as a sale, and prays judgment for the value of the property.

E. E. Ritchie, of Valdez, for plaintiff.
Smith & Bunnell, for defendant.

CUSHMAN, District Judge. The plaintiff contends that, under the sale as set out in the marshal's return, all the rights, privileges, immunities, and property of the railroad passed, including its corporate franchises and the right of action to sue for its property wrongfully converted before the levy of the execution.

Section 273, pt. 4, Carter's Codes, provides:

"All other property, including franchises or rights or interests therein, of the judgment debtor shall be liable to an execution. * * * All property of any public or municipal corporation" is exempt.

Under this section it is contended that the railroad franchise was sold; that the sale carried with it a right of action against the defendant for the goods converted.

Upon the record it does not appear necessary to determine whether, under the above section, the franchise of a quasi public corporation is exempt from execution, levy, and sale. The marshal's return recites a levy upon certain described "real estate." "The line of railroad of the Alaska Home Railway, partially completed, extending from the town of Valdez, on Valdez Bay, to a point near Wortman, including the right of way, etc., and all franchises and privileges of said corporation."

A corporation has its general franchise, the privilege to exist and do business as a corporation. It has particular franchises; for instance, the right in and over certain streets or lands, as those between Valdez and Wortman. With the passing of its general franchise, its existence would end, but the loss of its franchise in and over a particular line or portion of its line would not end its existence. A fair consideration of the language of the return limits the franchises and privileges claimed to have been levied upon to those of the company in the particular portion of its line theretofore described. The general franchise of a corporation is not real estate; a particular franchise, the right to control and run trains over a certain line and collect tolls therefor, may partake of the nature of real property. The return of the marshal shows only a levy on real property and the sale of three parcels of real property.

Having reached this conclusion, it is not necessary to determine whether a sale of a corporation's general franchise would carry with it any other property, right, or privilege.

The demurrer is sustained.